IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CASWELL FENTON, #L35297**

    **Plaintiff,**

**vs.**                                                       **CASE NO. 4:14cv641-RH/CAS**

**SECTION 893.135 FLORIDA STATUTES,**

    **Defendant.**

_____/

## AMENDED[1] REPORT AND RECOMMENDATION

This cause is before me upon referral from the Clerk.  In an order filed December 3, 2014, Plaintiff was directed to submit an initial partial filing fee in the amount of $11.17 by January 5, 2014, and instructed the agency having custody of Plaintiff to forward the balance due of the filing fee in monthly payments from Plaintiff's account, pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  Plaintiff was advised that his failure to comply with that order would result in a recommendation of dismissal of this action.  Doc. 5.  Because Plaintiff failed to comply with that order, a report and recommendation was entered on January 12, 2015,

---

[1]This Amended Report and Recommendation is entered to correct the signature date of the Report and Recommendation entered April 29, 2015, doc. 11, which was incorrectly dated August 5, 2013. Doc. 11.

Case 4:14-cv-00641-RH-CAS   Document 12   Filed 05/13/15   Page 2 of 3

Page 2 of 3

recommending dismissal of Plaintiff's complaint for failure to comply with a court order. Doc. 6.  On January 27, 2015, Plaintiff filed a Motion for Reconsideration, doc. 7, which was granted and the Report and Recommendation vacated and Plaintiff's deadline for paying the initial partial filing fee was extended to March 16, 2015.  Doc. 8.  Because Plaintiff failed to respond to that order this Court entered an order to show cause and gave the Plaintiff one final opportunity to submit the initial partial filing fee by April 15, 2015.  Doc. 10.  To date, Plaintiff has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute.  Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order.  Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).  Failure to pay an assessed initial partial filing fee is grounds for dismissal.  Wilson v. Sargent, 313 F.3d 1315, 1318, 1322, n.7, *citing* Collier v. Tatum, 722 F.2d 653, 655-56 (11th Cir. 1983).  Plaintiff did not comply with orders of this court, and failed to respond to the order.  His complaint should now be dismissed without prejudice.[2]

Plaintiff shall have a 14-day period after service of this report and recommendation in which to file objections.  This will also afford Plaintiff a final opportunity to show good cause for his failure to respond.  Plaintiff may do so by a motion for reconsideration which will be referred to me by the Clerk.

---

[2] Dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee in this case.  Thus the court's order granting leave to proceed *in forma pauperis*, in which plaintiff was directed to submit the initial partial filing fee and the agency having custody of plaintiff was instructed to forward monthly payments from Plaintiff's prison account towards the balance due of the filing fee, remains in effect.

Case No. 4:14cv641-RH/CAS

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on May 13, 2015.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of the proposed factual findings and recommendations.**